### In re ISLAND AIRLINES, HAWAII, INC., Debtor.

### Bankruptcy No. 82–00027.

United States Bankruptcy Court, D. Hawaii.

Dec. 30, 1985.

See also 39 B.R. 558.

Richard Kennedy, Honolulu, Hawaii, for debtor.

James Leavitt, Honolulu, Hawaii, for defendant.

## MEMORANDUM DECISION AND ORDER RE: SANCTIONS

JON J. CHINEN, Bankruptcy Judge.

On September 20, 1985, Richard M. Kennedy ("Applicant"), as examiner in the Chapter 11 case, filed an Order to Show Cause why Ralph S. Aoki, Trustee herein, should not have sanctions imposed for failure to pay Examiner's fees and costs, awarded by this Court on May 31, 1983, of $6,282.60. A hearing was held before the undersigned judge, and the Court took the matter under advisement to look into the matter of the examiner's fees.

The Court notes that Applicant was duly appointed Examiner by order of this Court entered herein on April 22, 1982. Applicant filed an Application for Compensation for Services Rendered and for Reimbursement of Expenses Incurred as Examiner on January 11, 1983, and a hearing was held on May 6, 1983, at which time only Robert Hall, a creditor of the debtor voiced any objections. The Court reviewed the timesheets filed, and the memorandum in opposition filed by Robert Hall, and issued its order of May 31, 1983 granting $6,282.60 to the Applicant in fees and costs. No motion for reconsideration or to alter or amend was duly filed by any party.

Having reviewed the files and the timesheets submitted, and having reviewed the objections of Robert Hall, the court finds no reason to alter its order of May 31, 1983.

The Court notes, however, that the case was converted from a Chapter 11 to a Chapter 7 on December 15, 1982. 11 U.S.C. Section 726(b) provides that:

(b) Payment on claims of a kind specified in paragraph (1), (2), (3), (4), (5), or (6) of section 507(a) of this title, or in paragraph (2), (3), (4), or (5) of subsection (a) of this section, shall be made pro rata among claims of the kind specified in each such particular paragraph, except that in a case that has been converted to this chapter under section 1112 or 1307 of this title, *a claim allowed under sec-*

*tion 503(b) of this title incurred under this chapter after such a conversion has priority over a claim allowed under section 503(b) of ths title incurred under any other chapter of this title or under this chapter before such conversion and over any expenses of a custodian superseded under section 543 of this title.* (emphasis added).

Thus, until Chapter 7 administrative expenses are paid in full, Chapter 11 administrative expenses cannot.

Accordingly,

IT IS HEREBY ORDERED that the Trustee shall pay to the Applicant the sum of $6,282.60 when all Chapter 7 administrative expenses have been, or will be paid in full. If there is insufficient funds to pay all Chapter 11 administrative claims, payment will be on a pro-rata basis.

IT IS FURTHER ORDERED that no sanctions shall be imposed upon the trustee.