**In re TDC DEVELOPMENT CORPORATION, Debtor.**

**Bankruptcy No. 286–20317.**

United States Bankruptcy Court,
N.D. Texas,
Amarillo Division.

May 6, 1987.

Michael M. Pastore and Derek M. Johnson, Jenkens and Gilchrist, Dallas, Tex., for Pogue Realty.

Paul B. Geilich, Creel & Atwood, Dallas, Tex., for TDC Development Corp.

## MEMORANDUM OF OPINION ON ALLOWANCE OF ADMINISTRATIVE RENT

JOHN C. AKARD, Bankruptcy Judge.

On October 2, 1986, Pogue Realty (Pogue) filed a Motion to Compel Payment under § 365(d)(3) of the Bankruptcy Code, or, in the Alternative, for Allowance of Administrative Expenses. On November 3, 1986, the Court heard the argument of counsel and asked that briefs be submitted. Having heard the argument of counsel and read and considered their briefs, the Court makes the following Findings of Fact and Conclusions of Law:

### Facts

On June 24, 1986, TDC (the Debtor) filed for protection under Chapter 11 of the Bankruptcy Code. At that time, the Debtor was the lessee under an original lease with H & W Realty dated May 8, 1985, (later conveyed to Pogue) on non-residential real property located in Greenwich, Connecticut. The lease payments are in the amount of $97,000.00 annually, payable at $8,083.33 per month. The lease expires on December 31, 1987.

The Debtor remained in possession of the property for a postpetition period of six days—June 24 to June 30, 1986. The Debtor then abandoned the leased premises on June 30, 1986. The Debtor filed no Motion

to Reject the unexpired lease of nonresidential real property. Except for the June payment, the Debtor was not in default on the lease prepetition.

### Issues

Pogue asks for immediate payment of $29,251.49 in rent, property taxes and insurance under § 365(d)(3) of the Bankruptcy Code or in the alternative, allowance to Pogue of an administrative priority expense claim pursuant to § 503(b) of the Code.

### Arguments

Section 365(d)(3) of the Bankruptcy Code provides in pertinent part:

> The trustee shall timely perform all obligations of the debtor ... arising from or after the order for relief under any unexpired lease of non-residential property until such lease is assumed or rejected, notwithstanding Section 503(b)(1) of this Title. The Court may extend, for cause, the time of performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond said 60–day period.

11 U.S.C. § 365(d)(3).

Section 365(d)(4) of the Bankruptcy Code provides:

> (4) Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

It is clear that Congress intended timely performance by a Debtor tenant in paying its rent pending the Trustee's assumption or rejection of a lease on non-residential real property. 130 Cong.Rec.S. 8894–8895, June 29, 1984.

The Court cannot credit the argument that the Debtor rejected the lease on June 30, 1986 when it abandoned the property. Indeed, such abandonment had nothing to do with stopping the lease on the property from continuing to run. The proper remedy under the Code is to file a Motion to Reject the lease pursuant to § 365. This the Debtor did not do. Nor can the Court grant administrative rent only for the six days subsequent to the filing of the case in which the Debtor occupied the premises. Both from the language of the statute and the legislative history, the message of Congress is clear. The lessor of non-residential real property is protected by receiving its rent during the postpetition period while the Debtor-in-Possession decides what to do with the lease, and it matters not whether the Debtor occupies the property. *In re M.H.I., Inc.*, 61 B.R. 69 (Bankr.D.Md.1986).

Although Pogue asserts entitlement to taxes and insurance as additional rent during the 60–day postpetition period, Pogue presented no testimony at hearing and no information in its pleadings by which the Court could determine the amount of such payments. Therefore, they must be denied.

### Conclusion

In the instant case, since the lease was neither assumed nor rejected prior to the end of the 60–day period, and no rent was paid during that period, the balance of the rents and expense due under the lease until its rejection by operation of law on August 23, 1986, constitute an administrative claim in the amount of $16,166.66 (two months' rent) against the Debtor's estate and shall be treated as such in the Debtor's Plan of Reorganization. Pogue may file a general unsecured claim for prepetition amounts due under the lease.