In re INDUSTRIAL DISTRIBUTION SERVICES, INC., Debtor.

Bankruptcy No. 87–1914–BKC–8P1.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 6, 1988.

R. John Cole, Sarasota, Fla., for debtor.

Don Stichter, Tampa, Fla., for movant.

## ORDER ON MOTION FOR PAYMENT OF ADMINISTRATIVE CLAIM

ALEXANDER L. PASKAY,
Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a Motion filed by IDS Partners, Ltd. (IDS) who seeks an Order directing the Chapter 11 Debtor, Industrial Distribution Services, Inc. (Industrial) to pay administrative rent. The administrative rent claim asserted by IDS covers the period of June 13, 1987 up to and including August 14, 1987 and seeks an allowance in the amount of $61,115.17. The underlying facts controlling and governing the resolution of the claim of IDS are without dispute and are as follows:

On April 13, 1987 Industrial filed its Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. Prior to the filing of the Petition, Industrial was engaged in the business of selling plumbing supplies and operated from leased premises located in Jacksonville and Bartow, Florida. Both properties were owned by IDS which is a limited partnership whose general partners are William E. Sholl, Jr. and Roy G. DiPasquale, who are officers of Industrial thus, without dispute, are insiders within the meaning of that term as defined by § 101(30)(B)(ii). The lease covering the premises located in Jacksonville required a rent payment in the amount of $6,379.42 per month while the Bartow lease required a monthly payment of $24,173.33. It is without dispute that the rent was current on both locations on the date of the commencement of the Chapter 11 case. Industrial continued to remain in possession of both locations up to and including August 14, 1987. Neither of the leases were assumed by the Debtor within the sixty (60) day period required for assumption of non-residential, unexpired leases by § 365(d)(2). It is without dispute that Industrial has not paid any rent to IDS during the sixty (60) day period. It is without dispute and both parties agree that both leases were deemed to be rejected by operation of law pursuant to § 365(d)(4) of the Bankruptcy Code.

The Court initially considered the Motion for Payment of Administrative Rent filed by IDS originally asserted in the amount of $96,693.32 but later on amended to $122,230.34. At the conclusion of the hearing, this Court determined that IDS was entitled to administrative rent in the amount of $61,115.17 which represents administrative rent between June 13, 1987 up to and including August 14, 1987 when Industrial relinquished possession of both premises. The Court reserved ruling on the remaining question which relates to the portion of the administrative rent claim of IDS in the amount of $61,115.17, however, which relates to the period from April 13, 1987, the date of the commencement of this Chapter 11 case, up to and including June 12, 1987 which is the 61st day, or the date on which the leases were deemed to be rejected by operation of law. The entitlement of IDS to administrative rent for this period is governed by § 365(d), in particular subclauses (3) and (4) which provide as follows:

(3) The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title. The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period. This subsection shall not be deemed to affect the trustee's obligations under the provisions of subsection (b) or (f) of this section. Acceptance of any such performance does not constitute waiver or relinquishment of the lessor's rights under such lease or under this title.

(4) Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60-day period fixes, then

such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

This was one of the major amendments of the Code by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 STAT. 333 (1984) (BAFJA). There is no question that this Amendment was enacted as the result of the extensive lobbying efforts of landlords, particularly owners and operators of shopping centers and was enacted by Congress to cure some real or some perceived abuses by Chapter 11 Debtors who took an inordinate amount of time to make a decision to assume or reject unexpired leases and who did not pay any rent during that period of time. In construing the impact of this Amendment, the Bankruptcy Court for the Eastern District of Pennsylvania noted in the case of *Dieckhaus Stationers of King of Prussia, Inc.*, 73 B.R. 969 (Bankr.E.D. Pa.1987):

> The enactment of section 365(d)(3) and (d)(4) had at least four significant consequences for non-residential lessors. First, the trustee is limited to a sixty day period, which may be extended by the court for cause, in which to decide whether to assume or reject the lease. 11 U.S.C. § 365(d)(4). Second, the rental falling due during the sixty day period is an allowable administrative expense without the necessity of notice and hearing, as is ordinarily required by section 503(b). [cites omitted]. Third, the amount of the administrative expense claim arising in the sixty day period is governed exclusively by the terms of the lease; "[a]ny necessity for showing the reasonableness of the rent ... has been completely abrogated by section 365(d)(3)." [cites omitted]. Fourth, while the court may extend, for cause, the deadline for payment of rental payments falling due within the sixty day period, the deadline may not be extended beyond the sixty day period itself. [cites omitted.]

Thus it is clear that the amended Section 365 limited the trustee's right to seek an assumption of an unexpired non-residential lease to a sixty day period which can only be extended for cause and if not paid, the rent accrued is allowable as an administrative expense. The amount of this payment is recognized as payment of the contractual rents during the 60–day period governed exclusively by the terms of the lease without any necessity for showing the reasonableness of the rent. *Matter of Longua*, 58 B.R. 503 (Bankr.W.D.Wis.1986); *In re Barrister of Delaware, Ltd.*, 49 B.R. 446 (Bankr.Del.1985) and *TDC Development Corporation*, 73 B.R. 135 (Bankr.N.D.Tex. 1987). In *TDC Development Corporation, supra,* the Court stated that it was clearly the intention of Congress that pending assumption the trustee is required to perform all covenants of the lease.

Ordinarily, administrative rent claims by insiders would require a close scrutiny and require an inquiry of whether or not the terms of the lease were reasonable and did not represent self-dealings by insiders. While this approach has been appropriate prior to the enactment of the 1984 Amendment dealing with this subject, unless there is a showing made that the insiders are guilty of fraud, courts are not required to consider the claim with special scrutiny in making the allowance as cost of administration for unpaid rent accrued during the sixty day period.

Based on the foregoing, this Court is satisfied that the administrative rent claim of IDS for the period of April 13, 1987 to June 12, 1987 is entitled to be allowed as cost of administration pursuant to § 503(b)(1)(A) and paid in full as condition precedent to confirmation.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Payment of Administrative Claim be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that administrative claim of IDS Partners, Ltd. be, and the same is hereby, allowed in the amount of $61,115.17 to be charged and paid as first priority pursuant to § 507(a)(1) as condition precedent to con-

firmation unless IDS agrees to different payment terms.