### In re Gerard L. BILYK and Rose Darlene Bilyk, Debtors.

### Bankruptcy No. 88–02638–BKC–JJB.

United States Bankruptcy Court, E.D. Missouri, E.D.

July 13, 1989.

Thomas E. Osterholt, Jr., Clayton, Mo., for claimants.

Susan M. Hais, Clayton, Mo., for debtors.

Gerald A. Rimmel, Clayton, Mo., trustee.

Eileen J. Markey, Clayton, Mo., for trustee.

## ORDER

JAMES J. BARTA, Chief Judge.

The lessors of the Debtors' commercial real estate have filed a request for the payment of an administrative expense claim for post-petition rent. The Chapter 7 Trustee has filed an objection to portions of the request, and the matter was submitted to the Court upon a written stipulation of facts and memoranda of law.

The lease agreement was in effect on August 9, 1988, when the Debtors filed a Chapter 7 Petition. The record reflects that no business activity occurred after the commencement of this case, and that the lessors filed a request for payment of administrative rent expenses on November 10, 1988. The unexpired lease was deemed rejected on October 10, 1988, pursuant to 11 U.S.C. § 365(d)(4).

The Chapter 7 Trustee used the premises to store certain personal property until a sale was conducted, after notice, on December 17, 1988. The leased premises was surrendered to the lessors on December 26, 1988. The sale of the stored personal property has resulted in a benefit to the estate in that unencumbered assets may be available for distribution.

Neither party has suggested that the Trustee's continued use of the premises prevented the lessors from re-letting the property, or that they were otherwise prejudiced by the Trustee's actions. In fact, the area which included the Debtor's business was approximately 32% unoccupied prior to the surrender to the lessors.

The question presented here is not based upon a request to require the Trustee to timely perform the obligations of the debtor pursuant to 11 U.S.C. § 365(d)(3). The unexpired lease was deemed to have been rejected before the lessors filed their request for payment. Therefore, this claimant is required to establish its administrative expense status under 11 U.S.C. § 503(b)(1)(A), and the amount of its claim. *In re Orvco,* 19 B.C.D. 247, 249, 95 B.R. 724, 726 (9th Cir. BAP, 1989).

■ The Trustee has not disagreed with the lessors' position that these post-petition rent payments are entitled to an administrative expense priority. The arguments in the memoranda addressed the question of the amount of the claim. It has been the position of this Court that in a Chapter 7 case, the terms of a pre-petition lease agreement are but one indication of the amount of a claim for post-petition rent. The Court must consider all the circumstances presented in connection with the request for allowance and payment and determine a fair and reasonable value of the post-petition lease. See, *In re Dant & Russell, Inc.,* 853 F.2d 700, 707 (9th Cir., 1988).

■ The post-petition use of these premises was limited to storage of certain personal property while the Trustee attempted to obtain a purchaser. The lessors were not prejudiced by the Trustee's actions, and the Court was not presented with a request for possession of the property or delivery of payment until approximately one month after the lease was deemed rejected. The record does not indicate that the Trustee held any assets other than the personal property in the leased premises from which a payment could have been made to the lessors prior to this sale. Therefore, the amount of the lessors' claim will not be determined by the amount of the pre-petition lease payment.

The Trustee has submitted evidence that the reasonable rental value of this type of property when storing inventory and fixtures is approximately 20% of the full rental value. In the circumstances presented in this case, the Trustee's evidence will be accepted as the amount of the lessors' post-petition administrative expense claim. There is nothing in the record to suggest that any different conclusion should apply to the claim which arose for that period

after rejection and before surrender. Therefore,

IT IS ORDERED that this hearing be concluded; and that the claim of Irving H. Olian, Frances Olian, Edward Balk, Thomas Stern, Jeffrey Gershman, and Diane Kitzes, Joint Venturers of Forty Mill Realty Venture, for the Trustee's post-petition use of certain leased premises is allowed in the amount of $3,969.84 as a priority expense of administration, for the period through surrender of the premises to the lessors; and that any prepetition rent is allowed as a general unsecured claim.