**In re MEL–HART PRODUCTS, INC., Debtor.**

**Bankruptcy No. 90–40399M.**

United States Bankruptcy Court, E.D. Arkansas, W.D.

Nov. 13, 1991.

M. Randal Rice, Little Rock, Ark., trustee.

William C. Adkisson, Conway, Ark., for FabuGlass.

Davidson Law Firm, P.A., Little Rock, Ark., for debtor.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On February 20, 1990, Mel–Hart Products, Inc. (debtor) filed a voluntary petition for relief under the provisions of chapter

11 of the United States Bankruptcy Code. On June 28, 1990, the case was converted to a proceeding under chapter 7 and M. Randy Rice, Esquire, was appointed trustee. On July 6, 1990, FabuGlass, Inc. (FabuGlass) filed a motion styled, "Motion for Lease Payments to be Allowed as Administrative Expenses." A trial was held on April 19, 1991.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and the Court has jurisdiction to enter a final judgment in this case.

## I

On January 29, 1988, the debtor entered into a lease agreement with FabuGlass on real property located in Conway, Arkansas. The premises consisted of "five or six" acres and had 50,000 square feet under roof, 6,000 square feet in office facilities and about 6,000 feet in a lean-to. The remainder, approximately four and one-half acres, was enclosed in a chain link fence. The debtor used the premises for a boat manufacturing business.

The prepetition lease agreement required the debtor to pay rental at a rate of $5,500.00 per month and also granted to the lessee an option to purchase the property at a stipulated price. The debtor was obligated to provide "extended coverage insurance" in the minimum amount of $325,000.00 to protect the lessor's interest in the premises.

On July 6, 1990, FabuGlass filed a motion asking that the trustee assume or reject the lease pursuant to provisions of 11 U.S.C. § 365 and a trial was held on August 3, 1990. The trustee was ordered to reject the lease and to surrender possession of the premises two weeks after an auction, which was scheduled for August 29, 1990. The Court also determined that Volvo Penta would be liable for a pro rata share of the reasonable rental value of the

premises occupied by the trustee. Counsel for FabuGlass was directed to prepare the formal order and an order was entered on September 18, 1990. The order did not address the decision that Volvo Penta was liable for a pro rata share of the reasonable rental value of the premises occupied by the trustee.

The trustee occupied a portion of the premises until some time after the auction, which was conducted, as scheduled, on August 29, 1990. The evidence does not reflect the exact date the trustee vacated the premises.[1]

## II

FabuGlass filed an administrative claim for $18,699.96 for rent due for the period beginning June 1, 1990, through September 12, 1990. FabuGlass also filed an administrative claim for $1,390.26 for insurance premiums for the same period of time.

The trustee objects to FabuGlass's claim as being excessive. At the hearing the trustee argued that he should only be required to pay rent for that portion of the premises he occupied. The trustee objects to FabuGlass's claim of administrative expense for insurance premiums. The trustee also objects to the administrative priority of that portion of the claim that accrued during chapter 11 proceeding.[2]

■ The trustee's objection based on the premise that he should only be required to pay rental for the portion of the premises he occupied is overruled. The trustee had constructive possession of the entire premises until two weeks after the auction. Therefore, FabuGlass is entitled to the fair rental for the entire premises.

■ In order to make a determination of the appropriate rental due to FabuGlass, all evidence of fair rental must be considered. *In re Bilyk*, 101 B.R. 586, 587

1. Only a portion of the premises was used by the trustee. Volvo Penta also occupied a portion of the premises and the remainder was unoccupied.

2. The trustee concedes that FabuGlass is entitled to an administrative claim for the chapter 7

estate's use of the property because its use constitutes "actual, necessary costs and expenses of preserving the estate[.]" *See In re Grimm & Rothwell, Inc.*, 108 B.R. 186, 189 (Bankr. S.D.Ohio 1989), quoting 11 U.S.C. § 503(b)(1)(A).

(Bankr.E.D.Mo.1989). Absent convincing evidence to the contrary, a fair rental rate may be determined by the prepetition rental rate agreed to by the parties. *Carlton Restaurant, Inc. v. TM Carlton House Partners, Ltd. (In re TM Carlton House Partners, Ltd.),* 97 B.R. 819, 823 (Bankr. E.D.Pa.1989); *In re Stable Mews Assoc.,* 35 B.R. 603, 607 (Bankr.S.D.N.Y.1983).

The trustee's evidence that the rental should be calculated at less than the prepetition rate is unpersuasive. Therefore, based on the circumstances presented in this case, the Court is satisfied that the rental rate agreed to by the debtor and FabuGlass prepetition is a fair rental rate and should be the rate applied in this case.[3]

■ The trustee's objection to the claim for insurance reimbursement is also overruled. Postpetition insurance costs may be allowed as an administrative expense. *In re Packard Properties, Ltd.,* 118 B.R. 61, 64 (Bankr.N.D.Tex.1990). *See also In re TDC Dev. Corp.,* 73 B.R. 135, 137 (Bankr. N.D.Tex.1987). There was no persuasive evidence that the insurance charges were unreasonable.

■ The trustee's objection that only part of FabuGlass's claim is entitled to an administrative claim in the chapter 7 proceeding is well taken. Administrative expenses of a subsequent chapter 7 case have a priority over administrative expenses of a prior chapter 11. 11 U.S.C. § 726(b); *In re Island Airlines, Hawaii, Inc.,* 56 B.R. 508 (Bankr.D.Haw.1985).

Therefore, FabuGlass is entitled to a administrative claim in the chapter 7 case in the sum of $14,779.31 and an administrative claim in the chapter 11 case of $5,310.91.

IT IS SO ORDERED.

---

**3.** Although the Court previously determined that Volvo Penta is liable for a pro rata share of the fair rental, the issue of the respective liabilities of Volvo Penta and the estate is not presently before the Court.