In re GFS CREATIONS, INC., Debtor.

**Frank J. Figone, Administrative Claimant and Appellant,**

v.

**Richard Spear, Trustee and Respondent.**

**No. C 98–3637 MJJ.**

United States District Court, N.D. California.

Oct. 12, 1999.

---

David M. McKim, Law Office of David M. McKim, San Mateo, CA.

Scott Goodsell, Campeau & Thomas, San Jose, CA.

Kenneth J. Campeau, Campeau & Thomas, San Jose, CA.

Richard G. Jenkins, U.S. Attorney's Office, Oakland, CA.

Irving C. Kornfield, Kornfield Paul & Bupp, Oakland, CA.

Leslie Tchaikovsky, U.S. Bankruptcy Court, Eddy Emmons, Oakland, CA.

## ORDER AFFIRMING ADMINISTRATIVE CLAIM JUDGMENT

JENKINS, District Judge.

### INTRODUCTION

Appellant Frank J. Figone (hereafter "Figone") appeals an Order of the Honorable Leslie Tchaikovsky, United States Bankruptcy Judge. The order limited Figone's administrative claim on the bankrupt estate of GFS Creations, Inc. (hereafter "Estate"). Figone requested $47,848.16 for the claim and the Trustee of the estate, Richard Spear (hereafter

"Respondent"), requested $15,973.16. The Bankruptcy Court awarded the latter amount. For the reasons set forth in this memorandum and order, the Court hereby AFFIRMS the Bankruptcy Court's order.

## FACTUAL BACKGROUND

Figone's son, Frank M. Figone, was President of GFS Creations, Inc. (hereafter "GFS") when it entered Chapter 7 bankruptcy. During bankruptcy, the Estate was a party to litigation separate from the bankruptcy. The Estate brought a contract claim against Lewco, Inc. for allegedly supplying GFS with faulty resins used to manufacture foam footballs. In the interests of the litigation, Respondent's counsel recommended that the younger Figone find a storage facility for the toxic resins. Figone the younger subsequently arranged with his father, the appellant, to store the resins at his warehouse in San Mateo, CA. Figone the elder subsequently moved the resins to a smaller site in San Bruno, and then the Trustee arranged for their disposal. Figone's claim is for reimbursement for the storage of the resins at both his first warehouse and the second location, and for transport costs.

The parties stipulate that the actual volume of the resins occupied 500 square feet. Although the resins took up 500 square feet in his warehouse, Figone seeks payment for the rental of the entire warehouse space, 2000 square feet. The warehouse had no subdivided rooms. Because of the lack of subdivisions and the toxicity of the resins, Figone argues that he could not lease any of the remaining floor space in the warehouse. Respondent objected to the rental of the remaining 1500 square feet. Accordingly, his claim total includes everything requested by Figone except for the costs associated with rental of the additional 1500 square feet.

## LEGAL ANALYSIS

### A. Standard of Review

Bankruptcy courts have discretion in determining whether to award an ad-

ministrative claim. *See In re Dant & Russell*, 853 F.2d at 707. The parties agree that the standard of review of a Bankruptcy Court's decision on an administrative claim is abuse of discretion. Under an abuse of discretion standard of review, a court may not reverse unless it has definite and firm conviction that the court below committed clear error of judgment in the conclusion it reached upon weighing of relevant factors. *See United States v. Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996). A district court may abuse its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact. *Id., citing Kayes v. Pacific Lumber Co.*, 51 F.3d 1449, 1464 (9th Cir.1995).

### B. Analysis

11 U.S.C. § 503(b)(1)(A) provides for the payment of "administrative expenses ... including ... the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commission for services rendered after the commencement of the case[.]". The terms "actual" and "necessary" are to be narrowly construed. *See In re Dant & Russell, Inc.*, 853 F.2d 700, 706 (9th Cir.1988). This is because the interest in maximizing the estate is great. *See id.* at 706–07, *citing Broadcast Corp. of Georgia v. Broadfoot*, 54 B.R. 606, 611 (N.D.Ga.1985). This interest is even greater in the case of a Chapter 7 case, such as the case at bar. *See id.* When the debtor or trustee actually uses leased property, the rent incurred is an allowable expense. *See In re Thompson*, 788 F.2d 560, 562 (9th Cir. 1986). Where the trustee uses only a portion of the property, he must pay an administrative expense equal only to the portion of the property used. *See id.*

The amount of the expense allowed is the "reasonable rental value of the premises which were occupied and used by the Trustee." *In re Aerospace Technolo-*

*gies, Inc.*, 199 B.R. 331, 340 (Bkrtcy. M.D.N.C.1996). Figone cites this case to support his argument that the reasonable rental value for his claim should include the remaining 1500 square feet of the warehouse. Appellant's Br. at 14. Figone states he could not lease the remaining space because the materials were toxic and the facility was not divided into separate units. *Id.* at 13–14. According to Figone, "no reasonable tenant would share space with illegally-stored toxic resins, which would pose a threat to the safety of tenant's personnel and/or property." *Id.* Figone adds that he had no reasonable alternative to this facility and that he acted judiciously and promptly when he illegally transported the materials to a smaller facility. *Id.* at 4.

Figone argues that the trustee was "actually using" all of the warehouse since the toxins effectively rendered the remaining space useless. This argument suggests that the Court should view "actual use" figuratively and not literally. *Aerospace*, however, does not permit appellant's construction of the term. In *Aerospace*, as here, the lessor and the lessee did not have a contract or lease agreement which set out the amount of rent. *See id.* at 340. The court approved an expense calculated by multiplying an agreed-upon square foot rate by the actual square footage occupied. *Id.* It interpreted the phrase "actual use" literally. Like the court in *Aerospace*, the bankruptcy court did not have a contract to guide its calculation of a reasonable administrative expense. Instead, it simply had an agreed-upon square foot rate, $0.75, and agreed-upon amount of square feet occupied, 500. The Bankruptcy Court did not accept Appellant's argument that 2000 square feet were actually used. Its reasoning comports with the ruling in *Aerospace*.

Figone's proposed construction is also in conflict with *In re Thompson*, which addressed the precise question before this Court: how the lease of property should be calculated when only part is actually used. *In re Thompson*, 788 F.2d at 562 (citations omitted). In that case, the lessees had rented farm equipment before going into bankruptcy. *Id.* at 561. The lessor filed a claim for payment of the post-petition equipment rental, and obtained it from the bankruptcy court. *See id.* at 562. On appeal, the Court of Appeals remanded the case for the determination of to what extent the lessees "fully used the [rental] equipment." *Id.* The bankruptcy court in our case calculated a rental value using the actual space rented, just as the *In re Thompson* court instructed.

Figone finally argues that the Trustee had "constructive possession" of the entire property, citing *In re Mel–Hart Products, Inc.*, 136 B.R. 197, 198 (Bankr.E.D.Ark. 1991). In *Mel–Hart*, the bankruptcy court held that the Trustee was responsible for the cost of renting the entire premises even though he only occupied a portion of the property. *Id.* at 198. The court in *Mel–Hart*, however, simply made the Trustee liable for a contract he had previously agreed to for use of the entire premises. *Id.* at 198–99. This is consistent with the tendency of courts to give weight to a contractual agreement in determining a reasonable rental rate. *See In re Dant & Russell, Inc.*, 853 F.2d at 707, *citing Hall v. Perry (In re Cochise College Park, Inc.)*, 703 F.2d 1339, 1354 n. 17 (9th Cir. 1983); *In re Fredrick Meats, Inc.*, 483 F.2d 951, 952 (5th Cir.1972). In this case the Court lacks a pre-existing contract to reference. Moreover, in concluding that the Trustee had constructive possession, the court provided no analysis or justification for its reasoning. The Court finds *Mel–Hart* an insufficient basis to trump unambiguous Ninth Circuit law on this precise issue.

## CONCLUSION

This Court adheres to Ninth Circuit precedent in finding that the bankruptcy court did not abuse its discretion in determining a reasonable rental value for the Trustee. The court correctly tailored the

claim to what was actual and necessary for the benefit of the estate. *See In re Dant & Russell,* 853 F.2d at 706. Accordingly, the Bankruptcy Court's order is AFFIRMED.

**IT IS SO ORDERED.**